## Lersch v. Hay.

*Opening judgment—Discretion of court—Review on appeal.*

An agreement being to deliver a deed of conveyance of a certain property
free from all incumbrances, except those mentioned, for which a judg-
ment note was given as security, is fulfilled if complied with in a reason-
able time in the absence of express agreement that it should be made on
a certain day.   With the fact of the tender having been made established
in the case there was nothing which ought to have moved the court below
to refuse to open the judgment on the ground that defendant by his laches
had forfeited his right to discharge his obligation on the note in the manner
indicated.   Such conditions disclose no such abuse of power as would
justify a reversal of the discretion exercised by the court below.

Argued May 17, 1900.   Appeal, No. 154, April T., 1900, by
plaintiff, in suit of Hugo E. Lersch against Marion R. Hay, from

decree of C. P. Mercer Co., April T., 1899, No. 285, opening judgment in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule to open judgment. Before WALLACE, P. J., of the 53d judicial district, specially presiding.

Material facts appear in the opinion of the court.

The court below in its opinion opening the judgment held, inter alia :

The law in regard to the opening of judgments is well settled in the state of Pennsylvania by a line of decisions so well known that it is useless for us to quote them, except to say that it is a matter which appeals to the conscience of the court with a view that it uses sound discretion in determining whether or not the facts are such that ought to be tried by a jury. It is a well-established principle in this line that when a written instrument is made and signed under seal that the affidavit of the signer is not sufficient to open the judgment, and some opinions have gone so far as to say that it should require the parol testimony of two witnesses to overcome the written instrument. The general trend of the decisions in the state of Pennsylvania has been that it requires two witnesses, or one witness with such corroborating proofs as would warrant the court to open the judgment, or lead the court to believe that the facts disputed are such that a trial by jury should be granted.

In this case we have the testimony of several witnesses as to this transaction, and, indeed, the testimony of the plaintiff himself admits such facts that we believe make an issue that ought to go to the jury, and with this belief, under the law as we deem it to be, we think it proper to open this judgment and allow the questions to be disposed of by a jury.

Rule to open the judgment made absolute. Plaintiff appealed.

*Errors assigned* among others were (2) in not discharging the rule to open the judgment. (3) In not setting forth in his opinion the findings of facts and grounds of his decision. (4) In not imposing terms upon the defendant when the judgment was opened.

*William M. Benham,* with him *Chas. A. Woods* and *James P.*

*Whitla*, for appellant.—The appeal in this case is authorized by section 1 of the Act of May 20, 1891, P. L. 101.

An exception having been taken to the order or decree brings before this court for consideration the testimony as well as the petition and answer. See Humphrey v. Tozier, 154 Pa. 410, and Heist v. Tobias, 182 Pa. 442.

The contention of defendant that plaintiff's object was to put costs on him and compel him to pay a certain sum as damages is without the least testimony and foundation. Even if said Chas. A. Woods had made an offer to accept $100 and a deed for said lot in settlement of this proceeding, evidence concerning said offer would be incompetent and irrelevant, as the courts of this state have repeatedly held that such attempts at settlement of controversies are made without prejudice to the rights of either litigant.

We submit that the duty rests upon the lower court to state the reason for the decree, and we would call attention to the case of Fisher v. King, 153 Pa. 3, in which the court held that the proceedings are purely equitable and findings of fact and inferences therefrom are just as essential to a fair review as those of a master in chancery: Gump v. Goodwin, 172 Pa. 276.

We would also refer to the case of Pfaff v. Thomas, 3 Pa. Superior Ct. 419, in which Justice SMITH held, in referring to the practice of the lower court in making rules absolute and rules discharged without giving grounds therefor, that it was a poor practice and needed correction, taking the position that the appellate court being obliged to review, should have the benefit of the reasons which moved the conscience of the chancellor.

Judgments should not be opened without a good and meritorious defense. There must be strong evidence before the court will set aside such a judgment: Heilner v. Coal Co., 9 Pa. Superior Ct. 78.

The plaintiff should not be put to an expensive jury trial unless the defendant sets forth facts sufficient to show a good and legal defense: Scott's Appeal, 123 Pa. 155; Cloud v. Markle, 186 Pa. 614.

The court will not open a judgment on the unsupported testimony of defendant: Oberly v. Oberly, 190 Pa. 341.

The court should not open a judgment without imposing terms. This principle is laid down in the case of Bailey v. Clayton, 20 Pa. 295.

The court will not open a judgment when the defendant is guilty of laches. A case almost identical to the present one is that of Linen v. Sweeny, 1 Lack. Jur. 196.

*A. W. Williams,* with him *William E. Porter,* for appellee.— We have no controversy with the language quoted from the cases cited by the learned counsel, but submit that none of the cases cited are in point.

In any event the sufficiency of the petition and the testimony taken on the rule is a matter so largely within the discretion of the court, that the appellate court will reverse the lower court only in case of a clear abuse of such discretion. Especially is this true in cases where the lower court has opened the judgment and sent the case to a jury where the rights of the parties can be carefully guarded.

The exercise of the power to open a judgment, as well as the power to impose terms, is discretionary with the lower court and is not reviewable in the Supreme Court.

To the same effect we may cite McMurray v. City of Erie, 59 Pa. 223.

It may be urged against these cases, however, that they were decided prior to the Act of May 20, 1891, P. L. 101.

The court will not open a judgment where the defendant has been found guilty of fraud.

The court will not open a judgment when the defendant is guilty of laches.

As to this demand for $100 damages the learned counsel for appellant argue that we have no right to discuss it, as what was said by Mr. Woods in that regard was without prejudice, and in this connection cite the case of Arthur v. James, 28 Pa. 236, in support of their position.

Per Curiam, July 26, 1900:

So far as the decision of the questions arising on this appeal is concerned, it makes no material difference whether, as alleged by the defendant, the judgment note was given as security for the performance of his agreement to deliver a good and

sufficient deed for lot No. 140, or as alleged by the plaintiff, was given for the stipulated price of the stock of boots and shoes sold the defendant, and was to be paid by a conveyance of lot No. 140 subject only to a mortgage of $260. In either case the defendant presented sufficient evidence of compliance by him with his part of the agreement to justify the court in opening the judgment and letting him into a defense. The contention that by his fraud or by his laches he had forfeited his right to discharge his obligation on the note in the manner indicated cannot be sustained without ignoring much important evidence. There is not the slightest evidence of fraud, and in the absence of an express agreement that it should be made on a certain day, a conveyance free from all incumbrances, except that mentioned in the contract, within a reasonable time, would be sufficient compliance. The contract was made on April 21; as early as July 20 the incumbrance upon the property had been removed, and shortly afterwards a second deed was tendered. In the mean time there had been such negotiations—we refer particularly to Mr. Woods's receipt of May 15, and the meeting in Mr. Keast's office on July 7— from which it might fairly be inferred that the defendant was to have a reasonable time within which to clear the property of incumbrances. After a careful examination of the evidence we think a jury would be justified in so finding, and with that fact established in the case we do not think the evidence conclusively shows such lack of diligence in obtaining a discharge of the incumbrances and tendering a conveyance as ought to have moved the court to refuse to open the judgment. We need not further discuss the evidence. As the case is to go to a trial it is not advisable that we should do so. It is sufficient for present purposes to say that in opening the judgment we discover no such abuse of its power as would justify a reversal of the order made by the court below.

The order is affirmed and the appeal dismissed at the costs of the appellant.